IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

Case No. 1:11-cr-30042-AA
Case No. 1:20-cv-00227-AA

**OPINION & ORDER**

Plaintiff,

vs.

GERARDO SALAMANCA-VAZQUEZ,

Defendant.

_____

AIKEN, District Judge:

This case comes before the Court on Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 25.  Because the motion and the record conclusively show that Defendant is not entitled to relief, no evidentiary hearing is required.  For the reasons set forth below, Defendant's motion is DENIED and the Court declines to issue a certificate of appealability.

Page 1 –OPINION & ORDER

## BACKGROUND

On October 7, 2011, Defendant was charged by indictment with a single count of Possession of Methamphetamine with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).  ECF No. 1.  On May 7, 2012, pleaded guilty to the indictment pursuant to a plea agreement with the Government.  ECF Nos. 16, 18, 19.  On July 16, 2012, Senior U.S. District Judge Owen Panner sentenced Defendant to 120 months with 5 years of supervised release.  ECF Nos. 21, 22.  Defendant did not file a direct appeal of his sentence.  On February 3, 2020, the case was reassigned to this Court.  ECF No. 24.  Defendant filed the present motion on February 11, 2020. ECF No. 25.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now

that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255).  In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Withers*, 638 F.3d at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## DISCUSSION

It is not clear whether Defendant intended to bring the present motion under 28 U.S.C. § 2255, although Defendant appears to be challenging the calculation of his

good time credit and credit for previous periods of incarceration, citing to the First Step Act.

If Defendant intended his motion to be one brought under § 2255, the motion is untimely.  Generally, a defendant must bring a § 2255 motion within one year of the date on which the judgment of conviction became final, subject to several presently inapplicable exceptions.  28 U.S.C. § 2255(f).  The latest date on which Defendant could have filed a timely motion under § 2255 was in 2013.  To the extent that Defendant sought to bring this motion under § 2255, the motion is time-barred.

To the extent Defendant seeks to challenge the manner of his sentence, he has filed his motion in the wrong district.  In general, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  In Defendant's motion, he states that he was being held at a correctional facility in Pennsylvania and, to the extent Defendant seeks to challenge the calculation of his sentence by the Bureau of Prisons, his challenge must be filed in the district of confinement.  Defendant's motion is therefore DENIED.

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Slack v. McDaniel*, 529 U.S. 473

(2000), the Supreme Court explained that a certificate of appealability under §
2253(c) is warranted when a habeas prisoner makes "a demonstration that . . .
includes a showing that reasonable jurists could debate whether . . . the petition
should have been resolved in a different manner or that the issues presented were
adequate to deserve encouragement to proceed further."  *Id.* at 483-84 (internal
quotation marks and citation omitted).  In this case, Defendant has failed to make
the required showing and so the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant's Motion under 28 U.S.C. § 2255,
ECF No. 25, is DENIED.  The Court declines to issue a certificate of appealability.

It is so ORDERED and DATED this  7th  day of March 2022.

_____/s/Ann Aiken_____
Ann Aiken
United States District Judge